Filed 11/28/23  P. v. Zaldana CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JESSENIA ZALDANA,<br><br>    Defendant and Appellant. | H050895<br>(Santa Clara County<br>Super. Ct. No. B2100035) |

In 2021, Jessenia Zaldana pleaded no contest to a felony charge of second-degree robbery (Pen. Code, § 212.5, subd. (c).) [1]  Zaldana subsequently moved to withdraw her plea.  The trial court denied the motion and sentenced Zaldana pursuant to the plea agreement to one day in county jail, with credit for time served, and two years of formal probation.

On appeal, Zaldana claims that the trial court abused its discretion in denying her motion to withdraw her plea as there was no adequate factual basis presented in court.

For the reasons explained below, we find no abuse of discretion and affirm the trial court's order.

---

[1] Undesignated statutory references are to the Penal Code.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background[2]

On November 4, 2020, Zaldana allegedly stole beauty products from Walgreens located in Mountain View. According to an employee, Zaldana had previously stolen items from the same store three weeks before. During the November incident, the store manager and an employee (the employees) confronted Zaldana about her repeated thefts. Zaldana then removed a can of pepper spray from her purse and held it in her hands in full view of the employees. While brandishing the pepper spray, Zaldana picked up multiple items and taunted the employees by telling them she " 'could do whatever [she] wanted and take whatever [she] wanted.' " As Zaldana left the store with the stolen items, she told the employees she knew where they worked and was going to " 'get [her] man to come kick [their] ass.' " The total value of the items stolen was $176.93.

### B. Procedural Background

#### 1. Charges and Plea

On January 5, 2021, the Santa Clara County District Attorney's Office filed a felony complaint against Zaldana, charging her with second-degree robbery by taking personal property from Walgreens by means of force or fear (§ 212.5, subd. (c); count 1) and misdemeanor petty theft of personal property in an amount less than $950 (§ 488; count 2).

Zaldana was arraigned on April 26, 2021. At her next appearance on June 8, 2021, Zaldana initialed and signed a waiver of rights and plea form. She agreed to plead no contest to the robbery charge (count 1) for a stipulated sentence of credit for time

---

[2] The facts of this offense are taken from the prosecution's opposition to Zaldana's motion to withdraw her plea. These, in turn, come from a Mountain View Police Department report which is not part of the appellate record. We provide this information for context regarding the allegations presented in the trial court and the related plea.

served at the time of sentencing.[3] She also initialed next to the section of the plea form stating the following: "I understand I will plead guilty or no contest to these charge(s) and admit these allegation(s): Ct 1 PC 212.5(c)." The plea form stated that Zaldana had discussed each item on the form with her attorney, and understood the nature of the charges, her possible defenses, and the rights she was giving up by entering her plea. Zaldana also initialed next to the following language in the form: "I understand count(s) Ct 1 PC 212.5(c) is/are serious or violent felony/felonies, and each qualifies as a 'strike.' "

At the plea colloquy, defense counsel stated at the outset that Zaldana would be pleading no contest to count one of the two-count complaint for two years of formal probation and credit for time served, and noted that "[t]he unusual thing about this is that it's a strike, as it is a 211." The trial court asked Zaldana if she understood she was pleading to a strike offense, which could result in an increased sentence if she suffered any further felony convictions, and Zaldana responded "Yes." The court also asked Zaldana, "[h]ave you had enough time to speak to [defense counsel] about the consequences of your plea, any legal defenses that you might have?" to which Zaldana answered "Yes." The court then asked Zaldana: "what is your plea to the charge that's alleged on November 4, 2020, that you violated Penal Code section 212.5[(c)], a felony, second degree robbery," to which Zaldana answered, "[n]o contest." Defense counsel and the prosecution subsequently stipulated to a factual basis, and the trial court accepted Zaldana's plea of no contest to the robbery charge.

### 2. Motion to Withdraw Plea

On August 12, 2021, the parties appeared in court for sentencing, at which time Zaldana had hired new counsel and informed the court she intended to file a motion to

---

[3] Although not indicated in the plea form, the minute order from the June 8, 2021, hearing reflects that count 2 would be dismissed in the interest of justice as part of the plea agreement.

withdraw her plea. Zaldana filed her motion on December 7, 2021. In her written declaration attached to the motion, Zaldana indicated that she acknowledged to defense counsel that the facts of her case showed that she committed a petty theft but did not believe they were sufficient to demonstrate robbery.

On October 24 and December 1, 2022, the trial court held an evidentiary hearing on Zaldana's motion. At the hearing, Zaldana testified that she never intended to plead no contest to robbery, particularly since it was a strike offense and she believed she had only committed petty theft, and that she had explicitly informed defense counsel that she did not want a strike. Zaldana additionally claimed that she only thought she was signing forms that had to do with probation and did not think she was entering a plea of no contest at the time; instead, she believed she would have the opportunity to get her own lawyer for a subsequent proceeding. On cross-examination, Zaldana confirmed that defense counsel had explained to her what crimes she was being charged with and informed her that the robbery was a strike offense. Zaldana also acknowledged that: (1) she had signed and initialed the waiver of rights and plea form; (2) the court had asked her if she intended to plead no contest, to which she answered yes;[4] and (3) she had informed the court she was not being pressured to enter a plea of no contest.

In opposition, the prosecution called defense counsel as a witness, who testified that he had informed Zaldana of the charges, including the robbery charge, as well as the prosecution's offer of credit for time served, and gave her time to consider the offer after presenting it to her. While defense counsel confirmed that Zaldana initially told him she " '[did not] want a robbery[,]' " he indicated that he explained to her why the undisputed facts of her case were sufficient to prove a robbery. Defense counsel personally felt that the deal offered to Zaldana of no jail time was "a very good and generous offer" based on the facts of the case and Zaldana's substantial criminal history. He also denied that

_____

[4] Zaldana claimed that defense counsel, who was standing next to her during the proceeding, "told her" to say yes.

4

Zaldana ever informed him prior to entering her plea that she: (1) did not want a strike offense; (2) did not intend to plead no contest that day; or (3) wanted the matter to be continued so she could obtain private counsel. However, defense counsel noted that after Zaldana entered her plea and began to leave the courtroom, she stated she "[did] not want it," indicating that she had a change of heart, but that it was "too late" to do anything at that point as the next case had already been called.

After taking the matter under submission, the trial court issued an order on January 6, 2023, denying Zaldana's motion. The court cited a number of reasons in support of its holding, including: (1) statements by both the court and defense counsel at the June 8th hearing confirming that Zaldana's robbery charge was a strike offense; (2) clear indications on the waiver of rights and plea form that it was related to entry of a plea, not a probation document; and (3) the voir dire conducted by the court during the plea colloquy, particularly Zaldana's confirmation that she had not been promised anything or threatened in order to enter her plea. The trial court subsequently sentenced Zaldana on February 16, 2023, to the agreed-upon sentence of one day of jail time, with credit for time served, and two years of formal probation.

## II. DISCUSSION

Zaldana claims the trial court abused its discretion in denying her motion to withdraw her plea as the record failed to demonstrate a factual basis for the plea. The Attorney General disagrees, arguing that the plea waiver form and colloquy, as well as Zaldana's discussions with defense counsel prior to the hearing, satisfied the factual basis requirement.

### A. Legal Principles and Standard of Review

When a defendant enters a conditional plea of guilty or no contest to a felony charge, the trial court "shall [] cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for the plea." (§ 1192.5, subd. (c).) "The purpose of the factual basis requirement is to help

5

ensure that the constitutional standards of voluntariness and intelligence are met." (*People v. Palmer* (2013) 58 Cal.4th 110, 118 (*Palmer*), quoting *People v. Holmes* (2004) 32 Cal.4th 432, 438-439.)

"On application of the defendant at any time before judgment[,]" a trial court may permit the defendant's guilty plea to be withdrawn "for a good cause shown[.]" (§ 1018.) "The defendant has the burden to show, by clear and convincing evidence, that there is good cause for withdrawal of his or her guilty plea." (*People v. Breslin* (2012) 205 Cal.App.4th 1409, 1415-1416.) " ' "Good cause" means mistake, ignorance, fraud, duress or any other factor that overcomes the exercise of free judgment.' " (*People v. Dillard* (2017) 8 Cal.App.5th 657, 665.) "A plea may not be withdrawn simply because a defendant has changed his or her mind." (*Ibid.*)

We review the trial court's denial of a motion to withdraw a plea for abuse of discretion. (*People v. Patterson* (2017) 2 Cal.5th 885, 894.) "An abuse of discretion is found if the [trial] court exercises discretion in an arbitrary, capricious or patently absurd manner resulting in a manifest miscarriage of justice." (*People v. Shaw* (1998) 64 Cal.App.4th 492, 496.) In making such a determination, "a reviewing court must adopt the trial court's factual findings if substantial evidence supports them." (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.)

### B. Substantial Evidence Supports the Trial Court's Finding of a Sufficient Factual Basis for Zaldana's Plea

Zaldana claims that the trial court should have granted her motion on the basis that there was no proper factual basis for her plea. Zaldana argues that the parties simply stipulated to a factual basis without any reference to a particular document[5], and the trial court did not conduct any further inquiry into the factual basis apart from accepting this

---

[5] Zaldana further claims that no such document exists in the record as there was no preliminary hearing, police reports, or presentence reports, and the probation report prepared for sentencing does not include a factual summary.

6

stipulation. The Attorney General responds that the trial court properly conducted a factual basis inquiry as required under section 1192.5, relying on the holding in *Palmer* in support. (See *Palmer, supra,* 58 Cal.4th at pp. 117-119.)

In *Palmer,* the California Supreme Court explained that "section 1192.5 requires the trial court to make an inquiry to satisfy itself that there is a factual basis for a conditional plea," and that a " 'stipulation by counsel to the plea's factual basis is consistent with the legislative purpose of the statute.' " (*Palmer*, *supra*, 58 Cal.4th at p. 118.) The *Palmer* court agreed with the People's argument "that a stipulation to a factual basis for a plea is akin to an evidentiary stipulation, the making of which is a tactical decision entrusted to trial counsel, and which is conclusive without reference to additional evidentiary support." (*Id*. at pp. 117-118.) In addition, the *Palmer* court noted that a trial court has wide discretion and flexibility to establish that there is a factual basis for a plea, particularly when taking into consideration any concerns by the defense about the amount of information placed on the record about the underlying facts. (*Id*. at pp. 118–119.) The court noted that the " 'better approach' " is for counsel to stipulate to a particular document that provides an adequate factual basis for the plea, so as to eliminate "any uncertainty regarding the existence of a factual basis." (*Id*. at p. 118.) However, it concluded that a trial court "may satisfy its statutory duty by accepting a stipulation from counsel that a factual basis for the plea exists without also requiring counsel to recite facts or refer to a document in the record where, as here, the plea colloquy reveals that the defendant has discussed the elements of the crime and any defenses with his or her counsel and is satisfied with counsel's advice." (*Ibid*.)

Zaldana claims the holding in *Palmer* is not controlling as it only discusses how the requirements of section 1192.5 can be satisfied in an "appropriate case," and does not apply to all cases involving stipulations to the facts without reference to a particular document or source. (*Palmer, supra,* 58 Cal.4th at p. 114.) Zaldana argues that unlike the defendant in *Palmer*, she did not acknowledge during the plea colloquy that she had

discussed the elements of her offense with defense counsel or was satisfied with counsel's advice; instead, she claims she disagreed with defense counsel's advice to plead to a strike offense. However, Zaldana fails to explain how this distinction reflects an abuse of the trial court's discretion in finding a factual basis for her plea based on the record.

Zaldana also contends that she indicated her factual innocence "from the outset" by informing defense counsel multiple times that she was only guilty of petty theft and not robbery. However, the trial court received evidence through the testimony of defense counsel that Zaldana did not dispute the facts of the underlying offense when he discussed them with her at the June 8, 2021, hearing. Further, during the plea colloquy, the court asked Zaldana on more than one occasion if she understood that she was pleading guilty to robbery, to which Zaldana responded "Yes." Accordingly, the record reflects there was substantial evidence to support the trial court's finding that Zaldana understood the nature of the allegations and charges, there was a factual basis for the plea, and she freely and voluntarily accepted the terms of the agreement as conveyed to the court by defense counsel.

Finally, Zaldana argues that *People v. Willard* (2007) 154 Cal.App.4th 1329, in which an appellate court found a factual basis stipulation without any reference to a source document to be insufficient, should control our decision here. However, we note that *Willard* predates *Palmer* and the Supreme Court's acknowledgment that a "bare stipulation" by counsel may suffice in an appropriate case. Further, as discussed above, Zaldana fails to demonstrate that the differences between the plea colloquy in her case and that in *Palmer* were so significant such that the holding in *Palmer* should not apply. Accordingly, we conclude this matter qualifies as an appropriate case as contemplated under *Palmer*.

In reviewing the record, we find substantial evidence supported the trial court's findings that there was a proper factual basis for Zaldana's plea. Specifically, the record

includes an advisement of rights and plea form signed by Zaldana herself. Zaldana initialed next to the paragraph stating that she had a full opportunity to discuss with her attorney the facts of the case, the elements of the charges, and any defenses she may have. Zaldana also initialed next to paragraphs stating that she understood the form and the consequences of her plea, including that she was pleading to a strike offense, and that "there is a factual basis for my plea based on my discussions with my attorney(s) about the elements of the crime(s) and any defenses I may have." Zaldana additionally signed her name below the paragraph stating, "I have read this form…and I have initialed the items that apply in my case. I am indicating I understand and agree with what is stated in each item I have initialed." Further, during the plea colloquy, the trial court asked Zaldana if the initials and signature on the form were hers and whether she read and understood everything on the form, and Zaldana responded "yes" to both questions The trial court also asked Zaldana whether she had sufficient time to speak to her attorney about the consequences of her plea and any legal defenses she may have, as well as whether she understood what would be happening in court that day, to which Zaldana responded "yes." In sum, in accepting all factual findings made by the trial court as accurate, we find the record clearly reflects that Zaldana "discussed the elements of the crime and any defenses with his or her counsel and [was] satisfied with counsel's advice." (*Palmer, supra,* 58 Cal.4th at p. 118.)

In conclusion, substantial evidence in the record demonstrates that counsel's stipulation was adequate such that that the trial court did not abuse its discretion by accepting it as a proper factual basis. We therefore find no abuse of discretion in the trial court's denial of Zaldana's motion to withdraw her plea. (See *People v. Mickens* (1995) 38 Cal.App.4th 1557, 1565 [finding no abuse of discretion in denying a motion to withdraw a guilty plea if the record demonstrates an adequate factual basis could have been established].)

9

### III.   DISPOSITION

The judgment is affirmed.

_____
                                 Wilson, J.

WE CONCUR:


_____
Greenwood, P.J.



_____
Bamattre-Manoukian, J.


People v. Zaldana
H050895